Robert A. TEXTER, Claimant–
Appellant,

v.

James B. PEAKE, M.D., Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 2008–7128.

United States Court of Appeals,
Federal Circuit.

Dec. 2, 2008.

Robert A. Texter, Desert Hot Springs,
CA, pro se.

Before MICHEL, Chief Judge, RADER
and PROST, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Robert A. Texter's appeal from a decision of the United States Court of Appeals for Veterans Claims (CAVC) dismissing his appeal of the Board of Veterans' Appeals (Board) decision that denied Texter entitlement to service connection for vertigo. Texter responds.

Texter served on active duty in the U.S. Navy from May to June 1977. In January 2004, he filed a service-connection claim for vertigo. The Department of Veterans Affairs' regional office denied Texter's claim on the ground that there was insuffi- cient medical evidence establishing a nexus between his current vertigo and an event or condition during his service in the Navy. The Board affirmed that determina- tion, and Texter appealed the Board's deci- sion to the CAVC.

At the CAVC, Texter's argument was that he never received a copy of the Board's decision. When asked what ac- tions he wanted the court to take, he as- serted "produce all medical records" and "give me my benefits as promised." In its decision, the CAVC found that despite Texter's assertions to the contrary he had received a copy of the Board's deci- sion, and that any duty-to-assist argu- ment regarding his medical records was "presented without any support, render- ing it impossible to address it adequate- ly." Concluding that Texter waived any argument concerning the merits of his entitlement to service connection, the matter was deemed abandoned, and the court dismissed Texter's appeal. Texter seeks review of that decision.

The court's jurisdiction to review deci- sions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Princi- pi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret con- stitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the par- ticular case. 38 U.S.C. § 7292(d)(2).

Texter's brief and response repeat the arguments he raised before the CAVC re- garding the incompleteness of his service

medical records. He also generally contends that the Board and CAVC improperly weighed the evidence in concluding that he was not entitled to benefits. We agree with the Secretary that this court lacks jurisdiction over Texter's appeal. Texter's arguments regarding the Secretary's duty-to-assist in obtaining medical records were waived below, and even if the issue was not waived, Texter fails to raise any argument on that issue concerning constitutional, statutory or regulatory interpretation. Moreover, Texter's argument regarding the weighing of the evidence in his case merely challenge factual determinations, which we are without jurisdiction to review.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is granted.

(2) Each side shall bear its own costs.

(3) The revised official caption is reflected above.